UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAFAEL TORRES,

        Plaintiff,

   v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

NO. CIV. S-04-2670 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

On September 29, 2006, the court held the final pretrial conference in this matter. At said conference, it became apparent to the court that the parties disputed a central legal issue in this case: whether plaintiff could recover under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, future lost wages that accrued after his discharge from the defendant railroad company. The court determined that resolution of this legal issue prior to trial was necessary. The parties also indicated that they believed resolution of the issue may

///

///

1

assist in their settlement negotiations.[1]  As such, the court postponed issuing a final pretrial conference order and set a briefing schedule and hearing date for a formal motion on the issue.[2]  (Minute Order, filed Sept. 29, 2006.)[3]

By the instant order, the court now issues its decision, finding that plaintiff may seek future lost wages accruing after his termination because his FELA claim asserted herein relates to the personal injuries he sustained in the subject accident rather than his termination.

In this action, plaintiff Rafael Torres brings a claim under FELA for injuries he sustained during the course and scope of his employment for defendant Union Pacific Railroad Company. Specifically, plaintiff alleges that while operating a handbrake on a railroad car the connection chain broke, causing him to lose his balance and injure his neck.  Pursuant to a "Stipulated Admission of Negligence,"[4] defendant concedes its negligence under FELA because the subject chain on the handbrake failed during the incident; defendant also concedes plaintiff was not

---

[1]   The parties agreed to attend a settlement conference before Magistrate Judge Hollows on November 27, 2006; that conference was later continued due to the parties' unavailability; it is now scheduled before Magistrate Judge Drozd on December 21, 2006.

[2]   However, after reviewing the parties' submissions, the court finds that oral argument will not be of material assistance, and therefore it submits the matter on the papers. E.D. Cal. L.R. 78-230(h).

[3]   The court set the matter for a further final pretrial conference on December 8, 2006.  However, in light of the continued date for the settlement conference, the court continues the final pretrial conference and trial, as set forth below.

[4]   Ex. 2 to Joint Pretrial Conf. Stmt., filed Sept. 22, 2006.

negligent in the incident.  However, defendant denies that plaintiff suffered any injury during the incident or that the incident was a cause of plaintiff's alleged injury.  Defendant also disputes the nature and extent of plaintiff's alleged injury, and affirmatively alleges that plaintiff has failed to mitigate his damages, if any, as required by FELA.  Thus, this matter proceeds to trial only as to the issues of causation and damages.

With respect to the issue of damages, defendant argues that the Railway Labor Act ("RLA") precludes plaintiff from recovering lost wages accruing subsequent to his termination.  Following an administrative hearing pursuant to the RLA,[5] defendant terminated plaintiff on September 23, 2004.  Plaintiff was terminated for dishonesty, having been found to have exaggerated the extent of his personal injuries sustained in the subject incident.  Plaintiff administratively appealed his termination but the termination was affirmed by a Public Law Board ("PLB")[6] on February 10, 2006.  Defendant contends that these administrative proceedings conducted by the railroad pursuant to the RLA bar plaintiff's claim for lost wages accruing after his discharge for

---

[5] The RLA provides a comprehensive framework for the resolution of labor disputes in the railroad industry.  In general, the RLA deals with railroad employee disputes arising out of the formation or interpretation of collective bargaining agreements.  See Atchison, Topeka and Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 562-63 (1987).

[6] A PLB is composed of a labor member, a railroad member, and a neutral member and serves as an arbitral tribunal that reviews the outcome of a railroad's investigative hearing to ascertain whether the result is consonant with the terms of the parties' collective bargaining agreement.  Kulavic v. Chicago & Illinois Midland Ry. Co., 1 F.3d 507, 513 (7th Cir. 1993).

3

1  dishonesty.
2       The court does not agree.  Preliminarily, the court notes
3  that, contrary to defendant's arguments, there is no Ninth
4  Circuit authority directly on point.[7]  As such, the court applies
5  herein authority from other jurisdictions which have addressed
6  the precise question at issue.  In particular, the court finds
7  the decision in Pothul v. Consolidated Rail Corp., 94 F. Supp. 2d
8  269 (N.D. N.Y. 2000) persuasive.  There, the railroad moved for
9  partial summary judgment precluding the plaintiff from seeking
10 recovery under FELA for future wages and benefits that accrued
11 after his discharge from the company for insubordination.  Id.
12 Like defendant here, the railroad in Pothul argued "'[i]t would
13 be a miscarriage of justice to allow a man found guilty of
14 insubordination-and consequently dismissed-to seek to recover
15 future lost wages he has no right or opportunity to accrue.'"
16 Id. at 271.  The district court disagreed, holding that:
17 ///
18 ///
19 ///
20 ///

---

[7] In Wharf v. Burlington Northern Railroad Co., 60 F.3d 631, 635 (9th Cir. 1993), the court simply recognized that the RLA does not limit an employee's *injury*-related damages. Such damages may include loss earnings so long as the "loss of earnings was caused by [the railroad's] negligence." Id. at 638. In Wharf, the plaintiff employee was terminated by the railroad during the closing arguments of the FELA trial. Id. at 634. As such, Wharf did not involve the question of whether a PLB decision affirming an employee's discharge precluded recovery for lost wages accruing subsequent to the termination.

4

> Because Plaintiff brings a claim pursuant to FELA[8] to recover future lost wages and benefits related to his *personal injuries* rather than his termination, that claim is not barred based on the previous disciplinary hearing conducted by [the railroad] pursuant to the RLA.

Id. at 272 (emphasis added).

Critical to the court in Pothul was the fact that the plaintiff did not seek to relitigate the issue of his dismissal for insubordination.[9] Rather, by his FELA claim, he sought to "'recover damages he sustained in an accident that occurred in the course of his employment.'" Id. at 271. In that regard, he sought to recover, *inter alia*, future lost wages and benefits he would have earned with the defendant had he not been injured and become permanently disabled. Id. at 272. As such, the court held that the plaintiff's lawsuit was based only "on personal injuries, not wrongful termination," and accordingly was not barred by the RLA proceedings. Id. (*citing* Buell, 480 U.S. at 564-67 [holding employee's claim for personal injuries falls under FELA not the RLA]); accord Norfolk Southern Ry. Co. v. Schumpert, 270 Ga. App. 782, 787 (Ga. Ct. App. 2004) (finding no error in the trial court's admission of the plaintiff's possible

---

[8] FELA provides a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees. Buell, 480 U.S. at 561. In pertinent part, FELA provides: "[e]very . . . railroad . . . shall be liable in damages to any person suffering injury while he is employed by any such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of the officers, agents, or employees of such carrier."  45 U.S.C. § 51 (1986).

[9] The plaintiff in Pothul was charged with insubordination for failing to attend a scheduled medical evaluation, which was intended to determine the nature and extent of the plaintiff's injuries from the accident. Id. at 270.

5

future earnings from the railroad despite plaintiff's termination eight months after the injury for violating company policies).[10]

The New York district court's opinion in Pothul is in accord with other courts that have considered similar issues. For example, in Kulavic v. Chicago & Illinois Midland Ry. Co., the Seventh Circuit considered whether an arbitral decision under the RLA upholding an employee's discharge had any preclusive effect on the employee's claim under FELA. 1 F.3d 507 (7th Cir. 1993). Applying principles of res judicata and collateral estoppel, the court held that the railroad had not demonstrated that the procedures provided by the RLA "were sufficiently protective" of the plaintiff's rights and thus, the RLA proceedings could have no preclusive effect on the FELA action. Id. at 517. In so holding, the court remanded the matter for a new trial on damages in accordance with the opinion. Id. at 520. Previously, the trial court barred the employee from seeking lost earnings, fringe benefits, and loss of earning capacity after his discharge. Id. at 512. Pursuant to the Seventh Circuit's decision, such damages would now, presumably, be recoverable as the RLA proceedings were held to have no preclusive effect on the employee's FELA claim. Accord Graves v. Burlington Northern & Santa Fe Ry. Co., 77 F. Supp. 2d 1215 (E.D. Okl. 1999) (finding that the plaintiff's claim under FELA for personal injuries caused by the defendant's negligence was not barred by the previous RLA disciplinary hearing finding the employee filed a

---

[10] The plaintiff in Norfolk was terminated for not reporting the accident and for misrepresenting the reason he had missed work. Id.

6

false injury report).

Defendant's authorities, cited to the contrary, are distinguishable. In Lewy v. Southern Pacific Transp. Co., 799 F.2d 1281 (9th Cir. 1986), the railroad employee, who was injured in a collision and subsequently discharged, brought an action under FELA against the railroad to recover for injuries sustained in the collision *and* for *aggravation* of those injuries resulting from the discharge. Id. at 1287. The Ninth Circuit held that the plaintiff's latter *discharge*-related damages were not recoverable under FELA as the RLA's administrative grievance and arbitral procedures provide the "exclusive remedy" for wrongful discharge claims. Id. at 1294.[11] Here, plaintiff does not allege such damages. Indeed, his claim, like the plaintiff in Pothul, seeks recovery for his personal injuries sustained in the accident not any injury attributable to his subsequent termination.

As the court finds that the RLA proceedings do not bar plaintiff's claim for future lost wages accruing subsequent to his termination, the court likewise finds that the fact of plaintiff's termination, and the reasons therefor, are inadmissible in this action. Fed. Evid. R. 403. Such evidence is excludable as unduly prejudicial because plaintiff was discharged for conduct involving the very injuries he seeks recovery for in this action.

---

[11] In so holding, the court expressly rejected the Second Circuit's decision in Sharkey v. Penn Central Transp. Co., 293 F.2d 685 (2nd Cir. 1974), also relied on by defendant. Lewy, 799 F.2d at 1294.

7

Moreover, were the court to allow defendant to introduce evidence concerning plaintiff's termination, FELA's purposes would be directly subverted.  FELA provides railroad employees with the right to seek recovery in federal court for injuries sustained by a railroad's negligence.  Here, plaintiff's termination was based on the precise incident and claimed injuries at issue in this case.  Thus, any reference to said administrative proceedings and findings would invade the province of the jury.  In this regard, Graves, discussed above, is most factually on point.  There, the plaintiff was terminated for filing a false injury report involving the subject incident.  77 F. Supp. 2d at 1217.  Particularly in cases like this one and Graves, there are clear grounds to exclude evidence of the termination since the very same issues are being litigated in the FELA action.

Now that this dispositive legal issue is resolved (and related evidentiary issues), the court will conduct a further final pretrial conference on January 26, 2007 at 2:30 p.m.  The parties are directed to file a revised joint final pretrial conference statement, considering the court's orders herein, on or before January 19, 2007.  Trial of this matter is continued to April 10, 2007 at 9:00 a.m.

IT IS SO ORDERED.

DATED: November 17, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

8