UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAFAEL TORRES,

          Plaintiff,

     v.

UNION PACIFIC RAILROAD COMPANY,

          Defendant.

NO. CIV. S-04-2670 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

The court has reviewed the parties' letter briefs, filed at the court's direction, and hereby DENIES plaintiff's request to supplement his expert's opinions. The court cannot find that plaintiff was "substantially justified" in failing to disclose his expert's opinions earlier, nor that the non-disclosure was "harmless," as at this juncture, defendant would be prejudiced by the late disclosure. Fed. R. Civ. P. 37(c)(1).

In granting defendant's motion in limine #2, the court precluded plaintiff from using his railroad wages at Union Pacific Railroad ("UP") as the foundation for his post-termination wage loss claim. The court ruled that

1

1  plaintiff may not base his wage loss claim on his UP-wages
2  post-termination because regardless of defendant's admitted
3  negligence, plaintiff could not continue to work at UP, due to
4  plaintiff's own misconduct which caused his termination.  In so
5  ruling, the court indicated that plaintiff could base his post-
6  termination wage loss claim on wages he could have made at
7  *another* railroad but for defendant's negligence.

8     Plaintiff's experts, however, did not perform this analysis;
9  instead, they based their opinions on plaintiff's UP-wages alone.
10 Thus, plaintiff now seeks, after commencement of trial, to
11 supplement his expert disclosures, by offering the supplemental
12 opinion of Dr. Rick Sarkisian.  Plaintiff proffers that Dr.
13 Sarkisian will testify that during the applicable time, there was
14 ample job growth in the industry and conductor craft to have
15 allowed plaintiff to find employment with another railroad in the
16 Sacramento area and that the wages at these other railroads were
17 comparable to those at UP.  (Docket #108 at 2:18-20.)  Plaintiff
18 agrees to make Dr. Sarkisian, and his economist, Mr. Ted
19 Vavoulis, available immediately for deposition by defendant.

20    Plaintiff asserts that his failure to supplement his
21 expert's opinions which were based solely on plaintiff's UP-wages
22 was due to an "unintentional misunderstanding" of the court's
23 November 20, 2006 Order.  Plaintiff contends, pursuant to that
24 Order, he believed he could base his wage loss claim on his UP-
25 wages as the court found that plaintiff's termination did not
26 preclude him from making a post-termination wage loss claim in
27 this FELA action.  There is no reasonable basis for plaintiff's
28 belief.  The Order dealt with the legal issue of preclusion not

what evidence would be admissible to prove plaintiff's post-termination wage loss claim.

   More importantly, the issue of a post-termination wage loss claim was never addressed by the parties during the course of this litigation until the court raised the issue at the Final Pretrial Conference in September 2006.  Neither party brought a dispositive motion in this case, but after review of the parties' joint final pretrial conference statement, the court determined that a central legal issue remained regarding whether plaintiff could press a wage loss claim post-termination.  The court, sua sponte, modified its pretrial scheduling order and permitted the parties to brief this dispositive issue, despite the fact that discovery and the dispositive motion deadline had long since passed in late 2005.  Thus, up until the Final Pretrial Conference, plaintiff had no basis to assume that he would be permitted to prove his post-termination wage loss claim based on his UP-earnings.  Moreover, based on the parties' joint final pretrial conference statement, plaintiff knew his termination was critical to the calculation of these damages.  Despite the above, plaintiff proceeded to trial on the assumption that he could prove his post-termination wage loss claim based solely on his UP-earnings.  Given these circumstances, the court cannot find that plaintiff was substantially justified in failing to disclose Dr. Sarkisian's further opinions.

   Plaintiff's late supplemental disclosure would also severely prejudice defendant.  Trial has begun in this nearly three year old case.  The lawyers have prepared for trial and given their opening statements, and plaintiff has called his first witness.

1  More significantly, defendant's vocational expert, Dr. John
2  Janzen, attests that it would take him a significant period of
3  time to verify the new data relied upon by Dr. Sarkisian.
4  Specifically, Dr. Janzen attests that he would need to conduct a
5  labor market analysis, including contacting at least 8 to 10
6  railroad companies throughout the State of California to
7  determine specific information regarding available positions,
8  skills requirements, wages for selected positions, and job
9  qualifications.  (Docket #109 at Janzen Decl. ¶ 4.)  Dr. Janzen
10 also states that he would need time to consider the issue of
11 plaintiff's employability at another railroad in light of his
12 termination.  (Id. at ¶ 5.)  For these reasons, the court cannot
13 find that plaintiff's non-disclosure of the supplemental opinions
14 of Dr. Sarkisian is "harmless."
15       There is accordingly no basis for granting relief pursuant
16 to Federal Rule of Civil Procedure 37(c)(1) ("A party that
17 without substantial justification fails to disclose information
18 required by Rule 26(a) or 26(e)(1), . . . , is not, unless such
19 failure is harmless, permitted to use as evidence at trial . . .
20 any witness or information not so disclosed.")  Plaintiff's
21 request to supplement his expert opinions is DENIED.
22       IT IS SO ORDERED.
23  DATED: September 28, 2007

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE