UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAFAEL TORRES,

        Plaintiff,

   v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

NO. CIV. S-04-2670 FCD GGH

**AMENDED** MEMORANDUM AND ORDER

----oo0oo----

The court has reviewed the parties' letter briefs, filed at the court's direction, and hereby DENIES plaintiff's request to supplement his expert's opinions. The court cannot find that plaintiff was "substantially justified" in failing to disclose his expert's opinions earlier, nor that the non-disclosure was "harmless," as at this juncture, defendant would be prejudiced by the late disclosure. Fed. R. Civ. P. 37(c)(1).

In granting defendant's motion in limine #2, the court precluded plaintiff from using his railroad wages at Union Pacific Railroad ("UP") as the foundation for his post-termination wage loss claim. The court ruled that

1

plaintiff may not base his wage loss claim on his UP-wages post-termination because regardless of defendant's admitted negligence, plaintiff could not continue to work at UP.  In so ruling, the court indicated that plaintiff could base his post-termination wage loss claim on wages he could have made at *another* railroad but for defendant's negligence.

Plaintiff's experts, however, did not perform this analysis; instead, they based their opinions on plaintiff's UP-wages alone. Thus, plaintiff now seeks, after commencement of trial, to supplement his expert disclosures, by offering the supplemental opinion of Dr. Rick Sarkisian.  Plaintiff proffers that Dr. Sarkisian will testify that during the applicable time, there was ample job growth in the industry and conductor craft to have allowed plaintiff to find employment with another railroad in the Sacramento area and that the wages at these other railroads were comparable to those at UP.  (Docket #108 at 2:18-20.)  Plaintiff agrees to make Dr. Sarkisian, and his economist, Mr. Ted Vavoulis, available immediately for deposition by defendant.

Plaintiff asserts that his failure to supplement his expert's opinions which were based solely on plaintiff's UP-wages was due to an "unintentional misunderstanding" of the court's November 20, 2006 Order.  Plaintiff contends, pursuant to that Order, he believed he could base his wage loss claim on his UP-wages as the court found that plaintiff's termination did not preclude him from making a post-termination wage loss claim in this FELA action.  There is no reasonable basis for plaintiff's belief.  The Order dealt with the legal issue of preclusion not what evidence would be admissible to prove plaintiff's post-

termination wage loss claim.

More importantly, the issue of a post-termination wage loss claim was never addressed by the parties during the course of this litigation until the court raised the issue at the Final Pretrial Conference in September 2006.  Neither party brought a dispositive motion in this case, but after review of the parties' joint final pretrial conference statement, the court determined that a central legal issue remained regarding whether plaintiff could press a wage loss claim post-termination.  The court, sua sponte, modified its pretrial scheduling order and permitted the parties to brief this dispositive issue, despite the fact that discovery and the dispositive motion deadline had long since passed in late 2005.  Thus, up until the Final Pretrial Conference, plaintiff had no basis to assume that he would be permitted to prove his post-termination wage loss claim based on his UP-earnings.  Moreover, based on the parties' joint final pretrial conference statement, plaintiff knew his termination was critical to the calculation of these damages.  Despite the above, plaintiff proceeded to trial on the assumption that he could prove his post-termination wage loss claim based solely on his UP-earnings.  Given these circumstances, the court cannot find that plaintiff was substantially justified in failing to disclose Dr. Sarkisian's further opinions.

Plaintiff's late supplemental disclosure would also severely prejudice defendant.  Trial has begun in this nearly three year old case.  The lawyers have prepared for trial and given their opening statements, and plaintiff has called his first witness. More significantly, defendant's vocational expert, Dr. John

Janzen, attests that it would take him a significant period of time to verify the new data relied upon by Dr. Sarkisian. Specifically, Dr. Janzen attests that he would need to conduct a labor market analysis, including contacting at least 8 to 10 railroad companies throughout the State of California to determine specific information regarding available positions, skills requirements, wages for selected positions, and job qualifications.  (Docket #109 at Janzen Decl. ¶ 4.)  Dr. Janzen also states that he would need time to consider the issue of plaintiff's employability at another railroad in light of his termination.  (Id. at ¶ 5.)  For these reasons, the court cannot find that plaintiff's non-disclosure of the supplemental opinions of Dr. Sarkisian is "harmless."

There is accordingly no basis for granting relief pursuant to Federal Rule of Civil Procedure 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . , is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed.")  Plaintiff's request to supplement his expert opinions is DENIED.

IT IS SO ORDERED.

DATED: October 01, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4